UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS BURKE,

       Plaintiff,                          Case No.: 2:07-cv-11028

vs.                                            HON. DAVID M. LAWSON
                                                 MAG. JUDGE STEVEN D. PEPE

STONEPATH LOGISTICS DOMESTIC
SERVICES, INC.,
STONEPATH GROUP, INCORPORATED,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY AND SANCTIONS (Dkt #29)

Stonepath Logistics Domestic Services ("SLDS") entered into a Stock Purchase Agreement with Douglas Burke dated April 9, 2002, for the acquisition of United American Acquisitions and Management d/b/a United American Freight Services, Inc. ("UAF"), which Plaintiff Burke fully owned. Stonepath Group, Inc ("Stonepath Group") is the corporate parent of SLDS and guarantor of the agreement for both payment and performance. Under the resulting Purchase Agreement, SLDA promised to pay Burke approximately ½ of the purchase price in a down payment and the balance of at least $5,000,000.000 over a four year "Earn-Out Period" to the extent UAF's "Net Income Before Taxes" achieved the min. target ($2.2 million).

With respect to the Earn-Out for calender year 2005, as in prior years, SLDS provided an Earn-Out Certificate. Plaintiff claims that as with each of the prior Earn Out Certificates, SLDS failed to calculate the 2005 Certificate in accordance with the Purchase Agreement and has failed to provide any documents or other information as required in the Agreement in response to the

1

Objection Notice. The complaint claims that SLDS have failed to calculate Earn-Outs in accordance with the Purchase Agreement and paid Burke nothing for the year 2005. Burke seeks damages arising out of Defendants' failure to pay Burke Earn-Out for Earn-Out Year 2005, including contractual Late Payment Penalty, interest, costs, and attorney fees. Burke has sued SLDS for Breach of Contract and Stonepath Group for Breach of Guaranty. Both entities have discharged or otherwise lost all employees

SLDS has failed to provide documents and designate a Rule 30(b)(6) designee for deposition after being ordered to do so on May 29, 2007 (Dkt. #21). On June 11, 2007, Plaintiff filed a motion for a default judgment against SLDS for failing to comply with this Court's discovery order (Dkt #23). Discovery was to close in this case on or before My 24, 2007 (Dkt. # 12).

Following a delay caused by other creditors seeking Stonepath Group's involuntary bankruptcy, which matter has now been dismissed, Plaintiff Burke submitted to Stonepath Group two sets of interrogatories, and requests for production and for admissions which were not responded to with timely, signed answers nor were the unsigned responses adequate. Stonepath Group also failed to designate corporate representative to testify at a deposition under FRCP 30 (b)(6). On August 3, 2007, Plaintiff filed a Motion to Compel on these discovery requests which matter was referred for hearing and determination (Dkt. #29 & #30). A hearing was held on August 30, 2007.

The discovery responses of Stonepath Group are the same as those of SLDS. They were filed May 14, 2007, to the first set of interrogatories and the requests for production and on May 17, 2007, to the second set of interrogatories and the requests to admit. Plaintiff could not seek

orders to compel against Stonepath Group while proceedings against it were not before this Court during the period of May 21, 2007, and July 12 because of the bankruptcy proceedings. At the hearing, counsel for the Stonepath Group noted the difficulty of his contacting anyone from Stonepath Group who could assist his providing more adequate responses. He noted there were multiple boxes of corporate SLDS records that had been trucked to a warehouse in Washington state. Nor was counsel for Stonepath Group able to offer any substantial justification for Stonepath Group failing to respond more adequately to Plaintiff's discovery or why an award of expenses under Rule 37(a)(4) is not justified. The corporate disintegration of the employee group of Stonepath Group is not adequate justification, or a corporation could grind to a halt a judicial process against it by disabling itself. While certain protections are available for corporations in bankruptcy proceedings, those are no longer available here.

While Plaintiff seeks a default judgement against Stonepath Group, it unlike SLDS, has not yet violated a Court order that may justify so severe a sanction. Rather, **IT IS ORDERED THAT** Stonepath Group shall:

1. Respond to Plaintiff's first and second set of interrogatories with complete and properly signed answers on or before September 20, 2007;

2. Identify and produce an appropriate corporate representative for deposition on or before September 27, 2007;

3. Pay Plaintiff's counsel one thousand, five hundred dollars ( $1,500.00) as sanctions under Rule 37(a)(4)(A) on or before September 20, 2007.

## NOTICE TO STONEPATH GROUP

Failure to comply with this order will subject Stonepath Group to sanctions under Fed. R. Civ. P. 37(b)(2)(A)-(E) which includes under Rule 37(b)(2)(C) "rendering a judgment by default against a disobedient party."

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED**

Dated: August 30, 2007            s/ Steven D. Pepe
Flint, MI                         United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that on <u>August 30, 2007</u>, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: <u>Lindsay K. James, Robert E. McFarland, Timothy R. VanDusen,</u> and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: not applicable.

s/ James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov
